IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:90CV486** |
| vs. | |
| $64,317.59 IN U.S. CURRENCY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Pro se claimant, Rosa Maria Fuentes, has filed a motion to return money. (Filing No. 60).  She claims funds seized by law enforcement from her accounts at Paine Webber were derived from legitimate sources; specifically, her husband's salary as a General in the Mexican Army.

The funds at issue were seized on March 20, 1990.  Claimant Fuentes received notice of the seizure and filed a notice of claim in the above-captioned case on November 15, 1991.  (Filing No. 28).  She claimed the money was derived from legitimate sources; specifically Mexican business ventures. After considering the evidence presented, District Judge William Cambridge found:

> Rosa Maria Fuentes lays claim to money in two of the accounts, No. VS-16328-113, in the amount of $12,918.17 and No. VS-16677-l33, in the amount of $12,270.09. She contends that the money was derived from money that she and her husband had saved in Mexican banks. She has not, however, provided any substantiation of that assertion, such as records from those Mexican banks.

(Filing No. 60, at CM/ECF p. 6).  After weighing the credible evidence, District Judge William Cambridge entered judgment and a decree of forfeiture in favor of the government in December of 1992.  (Filing Nos. 46-48).

Fuentes appealed.  (Filing No. 50).  The appeal was dismissed on February 8, 1993.  (Filing No. 57).  Claimant Fuentes' pending motion to return the seized money was filed over 20 years later, on December 8, 2014.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from final judgment for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Any "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Fuentes' current motion asserts new facts and alleges the seized funds were derived from a legitimate source.  But those facts could have been raised in 1992.  Her motion fails to explain why the final judgment entered in 1992, and affirmed by the Eighth Circuit in 1993, must be reviewed and reversed.  And even had she done so, her 20-year delay in challenging that judgment is unreasonable and untimely under Rule 60)c)(1).

Claimant Fuentes is not entitled to any relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly,

IT IS ORDERED:

1)      Claimant Fuentes' Motion to Return Money, (Filing No. 60), is denied.

2)      The government's Motion to Strike Claimant Fuentes' Motion to Return Money, (Filing No. 63), is denied as moot.

3)      The clerk shall mail a copy of this order to:

>       Rosa Maria Fuentes
>       Leandro Valle No. 43
>       Col. Heroes de la Revolucian
>       Naucalpan de Juarez, Mexico
>       Cp. 53840

Dated this 3rd day of May, 2015.

BY THE COURT:

*s/ Richard G. Kopf*
Senior United States District Judge